# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RAYMOND D. GRAVES,

      Plaintiff,

v.                                           Case No: 8:20-cv-270-T-36JSS

AVIS BUDGET GROUP, INC.,

      Defendant.

_____

## ORDER

Before the Court are Defendant's Motion to Dismiss Count I of Plaintiff's Complaint and Incorporated Memorandum of Law (Dkt. 9), Plaintiff's response in opposition (Dkt. 10), and Defendant's reply (Dkt. 15). Upon due consideration, the motion will be GRANTED, and Count 1 of the complaint DISMISSED.

## I. BACKGROUND

Raymond Graves ("Plaintiff") was employed by Defendant Avis Budget Group, Inc. as a rental sales agent at Tampa International Airport. (Dkt. 1 ¶¶ 10, 13). He was injured in a car accident in January 2014, resulting in a physician-issued work-restriction. See *id.* ¶¶ 14, 15. This restriction necessitated that Plaintiff perform his job duties while seated. *Id.* ¶14. Starting in late 2014, Plaintiff's manager allegedly began punching and kicking the back of his chair. *Id.* at ¶ 18. This would inflame his injury. *Id.* Plaintiff reported this to Defendant's Human Resources Hotline in early 2015, explaining that his manager had engaged in harassing behavior aimed at his accommodation and that the airport manager had allowed this. *Id.* ¶¶ 19, 20. The harassing behavior continued to be carried out by subsequent supervisors at the direction of the airport manager, and Plaintiff continued to report this. *Id.* ¶¶ 22, 23, 25.

Following his termination, Plaintiff dual-filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC") on or about February 22, 2017. *Id.* ¶ 32. By letter dated October 19, 2017, Plaintiff's attorney requested that the EEOC file and issue a dismissal and that all future correspondence be forwarded to Plaintiff's attorney. (Dkt. 10-2). On May 8, 2018, the EEOC issued the dismissal and notice of right to sue ("Notice"). (Dkt. 10-3). It was addressed to Plaintiff at the address on his charge of discrimination, his former address, not to his attorney as directed in the October 2017 letter. *Id.* Having not received the Notice, Plaintiff contacted the EEOC on or about November 6, 2019 to inquire into the status of the charge. (Dkt. 10-4). The EEOC responded with the Notice dated May 8, 2018. *Id.*

On February 4, 2020, Plaintiff filed this action. (Dkt. 1). The Complaint asserts claims of retaliation under the Americans with Disabilities Act of 1990 ("ADA") and the Florida Civil Rights Act. (Dkt. 1, ¶¶ 42-50). Defendant then filed a motion to dismiss the claim of ADA retaliation. (Dkt. 9). There, Defendant argues that Plaintiff's complaint is untimely as it was filed well over ninety days after the notice of right to sue was issued. *See id.* at 1-2, 3-4. Plaintiff responded in opposition, contending that the EEOC was at fault for failing to properly transmit the notice, and as such the ninety-day limit did not begin to run until November 6, 2019. (Dkt. 10 at 2). Plaintiff attached various documents including the charge of discrimination, and correspondences to the EEOC regarding the direction to send the Notice to Plaintiff's attorney and the subsequent follow up. In its reply, Defendant argues that Plaintiff did not exercise the minimum responsibility to warrant equitable tolling. (Dkt. 15 at 1, 3-4).

## II. STANDARD OF REVIEW

When deciding whether to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept "the complaint's allegations as true and constru[e] them in the light most favorable to the plaintiff." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 915 (11th Cir. 2015) (*quoting Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). The court may also consider documents not attached to the Complaint which are (i) central to the plaintiff's claims and (ii) whose authenticity has not been challenged. *Hodge v. Orlando Utilities Comm'n*, No. 6:09-CV-1059-ORL19DAB, 2009 WL 5067758, at *3 (M.D. Fla. Dec. 15, 2009) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)); *Rodrigues v. SCM I Investments, LLC*, No. 2:15-CV-128-FTM-29CM, 2015 WL 6704296, at *2 (M.D. Fla. Nov. 2, 2015) (stating that "EEOC documents are central to the litigation and the authenticity of the documents is not in dispute" on consideration of motion to dismiss).

In order "[t]o survive a motion to dismiss, a pleading must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bobo's Drugs, Inc. v. Fagron, Inc.*, 314 F. Supp. 3d 1240, 1242 (M.D. Fla. 2018). "[The] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. . . ." *Bell Atlantic Corp. et al. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "[W]hen a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted." *Eder v. US Floors, Inc.*, No. 8:16-CV-836-T-36MAP, 2017 WL 6947418, at *2 (M.D. Fla. Jan. 5, 2017) (*citing Jones v. Bock*, 549 U.S. 199, 215 (2007) and *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). In fact, "[t]his Court acknowledges that the issue

of equitable tolling *may* be decided at the motion to dismiss stage when the Complaint is devoid of allegations which could support equitable tolling." *Kendall v. Robert A. McDonald*, No. 8:14-CV-3224-T-33AEP, 2015 WL 1942776, at *3 (M.D. Fla. Apr. 29, 2015). Dismissal is proper if it appears beyond a doubt that Plaintiff can prove no set of facts that toll the statute. *Hayward v. Lee Cty. Sheriff's Office*, No. 2:14-CV-244-FTM-29MRM, 2017 WL 2834771, at *2 (M.D. Fla. June 30, 2017).

## III. DISCUSSION

A plaintiff has 90 days to file a civil action after the EEOC issues a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *McLean-Pilliner v. Univ. of S. Fla. Bd. of Trustees*, No. 8:16-CV-2014-17AEP, 2016 WL 6514104, at *2 (M.D. Fla. Nov. 1, 2016). "As a condition precedent, the Supreme Court has noted that the EEOC procedural requirements are 'like a statute of limitations, [and thus] subject to waiver, estoppel, and equitable tolling.' " *Habitat for Humanity Int'l, Inc. v. Morris*, No. 2:19-CV-456-FTM-38MRM, 2019 WL 5596235, at *4 (M.D. Fla. Oct. 30, 2019) (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, equitable relief is generally not appropriate where the claimant failed to exercise due diligence in preserving his legal rights. *Essick v. Fid. Nat'l Info. Servs., Inc.*, No. 3:14-CV-949-J-34JRK, 2016 WL 3615677, at *7 (M.D. Fla. July 6, 2016). It may be warranted, for instance, where "plaintiff has assumed the minimal burden of advising the EEOC of address changes or taken other reasonable steps to ensure delivery of the notice to his current address." *Mack v. Delta Air Lines, Inc.*, 639 F. App'x 582, 584 (11th Cir. 2016) (*quoting Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir.1991)); *Jones v. Wynne*, No. 5:06CV96/RS, 2007 WL 1655405, at *9 (N.D. Fla. June 6, 2007), ("[T]o apply equitable tolling, a plaintiff must have exercised due diligence and her excuse for the delayed

4

filing must be "more than a garden variety claim of excusable neglect."), *aff'd*, 266 F. App'x 903 n.6 (11th Cir. 2008).

In this case, Plaintiff's attorney inquired about the status of the charge of discrimination by letter dated October 19, 2017, and directed the EEOC to "forward all future correspondence in this matter" to the firm's address. [Dkt. 10-2]. Instead, the Notice was mailed to Plaintiff at the address listed on the charge of dismissal, which Plaintiff contends was an incorrect address [Dkt. 10-1, 10-3].[1] But he alleged that he did not receive the Notice. *See id*. Eventually, he followed up with the EEOC around November 6, 2019. [Dkt. 10-4]. This is when he received the Notice. [Dkt. 1 ¶ 34]. The Complaint was filed on February 4, 2020—ninety days after he received the Notice from the EEOC, and over twenty months after it was initially sent to the address listed on the charge of dismissal. Plaintiff contends that he is entitled to equitable tolling because the Notice was sent to the incorrect address and he did not receive it until November 6, 2019.

The issue therefore turns on whether Plaintiff took some "minimum responsibility" in resolving his claim. *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1341 (11th Cir. 1999). The EEOC was notified on October 19, 2017, to send all correspondence to Plaintiff's attorney, but no further inquiry was made with the EEOC until November 6, 2019, two years later. Plaintiff argues that her situation is "on par with those in *Stallworth*" because like *Stallworth* the EEOC failed to mail a copy of the right-to-sue letter to the attorney as expressly requested. In finding that Stallworth had satisfied the minimum responsibility, the Eleventh Circuit reasoned as follows:

> The district court found that she did not satisfy that obligation because she had temporarily moved from the family home, did not notify the EEOC of her temporary address, and checked on the mail

---

[1] Plaintiff has the burden to advise the EEOC of any changes of address. *Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982)

at the family home only six times during the approximately seven months that she did not reside there. However, the district court's finding that Stallworth checked for the mail at the family home on only six occasions over the seven-month period is clearly erroneous. Stallworth's unrebutted testimony is that she checked for the mail approximately six times during the crucial month of May 1989.

Stallworth argues that she fully satisfied her obligation to assume minimum responsibility to ensure her receipt of mail. She had notified the EEOC of her permanent family home as her mailing address. Though temporarily absent from the family home, she checked there for the mail six times during the crucial month of May. Most significantly, she requested the EEOC to mail a copy of the right-to-sue letter to her attorney at his address.

We agree with Stallworth that she has satisfied the minimum burden imposed upon her by the law of this circuit. It is reasonable to continue to receive mail at one's permanent home address during a temporary absence. Nor is it unreasonable to check for the mail there six times during the crucial month, when the family practice is to leave the mail in a designated place. We conclude that the primary fault for the failed delivery in this case rests upon the EEOC because of its failure to mail a copy of the right-to-sue letter to Stallworth's attorney. Not only was the EEOC expressly requested to mail a copy to the attorney, but also the EEOC Compliance Manual provides that a copy of the right-to-sue letter should be sent to the claimant's attorney.

*Stallworth*, 936 F.2d at 524–25. Like in *Stallworth*, the EEOC did not send the initial Notice to Plaintiff's attorney, as requested in writing. Unlike in that case though, Plaintiff waited more than two years to follow up with the EEOC. As such, this case is not entirely on par with *Stallworth*.

This Court addressed a similar situation in *Bishop v. Duos Tech., Inc.* No. 3:09-CV-190-J-25 JRK, 2009 WL 10670571, at *1 (M.D. Fla. July 16, 2009). In that case, the EEOC was instructed to mail the right to sue letter to plaintiff's attorney. The letter was sent to the plaintiff on September 30, 2008, but the attorney did not learn of this until January 2009 and the complaint was not filed until March 2, 2009. The Court held that Plaintiff had established more than minimal

responsibility to ensure receipt of the Notice by requesting the EEOC to communicate directly with her attorney and because the attorney regularly checked in with the EEOC on the charge's status.

While the complaint alleges that Plaintiff notified the EEOC to send all future correspondence to the attorney's office, that action without more for the following two years does not demonstrate reasonable diligence for tolling of the statute. Unlike the *Stallworth* and *Bishop* plaintiffs, there is no claim that Plaintiff checked at the "incorrect address" at any point in time to determine if the Notice had been sent there, or exercised any further diligence in ensuring timely receipt of the Notice.  "[C]ourts are under no obligation to toll a statute of limitations where the late filing resulted from a lack of due diligence by the filing party." *Leonard v. Crosby*, No. 806CV220T17MSS, 2006 WL 334217, at \*1 (M.D. Fla. Feb. 13, 2006) (*citing Irwin v. Veterans Administration,* 498 U.S. 89, 96 (1990)); *De Luca v. Chertoff*, No. 06-61465-CIV-COHN, 2007 WL 2083602, at \*4 (S.D. Fla. July 18, 2007) ("Equitable tolling does not extend to a plaintiff's lack of due diligence or excusable neglect."); *Thomas v. A.T. & T. Co.*, 725 F. Supp. 1217, 1219 (M.D. Fla. 1989).

Accordingly, it is **ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**. Count I of Plaintiff's complaint is time-barred and hereby **DISMISSED** with prejudice.

2. Defendant shall answer the remaining count of the complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record