UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. GRAVES,

    Plaintiff,

v.                                          Case No: 8:20-cv-270-CEH-JSS

AVIS BUDGET GROUP, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendant's Motion to Strike Jury Trial Demand ("Motion") (Dkt. 45), Plaintiff's Response in Opposition to the Motion (Dkt. 46), and Defendant's Reply in Support of the Motion (Dkt. 53). On February 16, 2022, the undersigned held a hearing on the Motion. For the reasons that follow, the court recommends that the Motion be granted.

## BACKGROUND

In this action, Plaintiff Raymond Graves brings claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 76.01, *et seq.*, against his former employer, Defendant Avis Budget Group, Inc. (Dkt. 1.) In his Complaint, Plaintiff included a demand for a jury trial of his claims against Defendant. (*Id.*) In this Motion, Defendant moves to strike the jury demand due to a waiver clause contained in Plaintiff's employment application (Dkt. 36-1 at 112–13). (Dkt. 45.) Defendant argues

that when Plaintiff submitted the completed, executed employment application to Defendant and asked to be considered for employment, Plaintiff knowingly and voluntarily waived his right to a jury trial. (Dkt. 45.) In response, Plaintiff contends the employment application does not constitute a binding, enforceable contract due to a lack of consideration. (Dkt. 46.) In the alternative, Plaintiff argues that if the employment application is an enforceable contract, the agreement was superseded by subsequent agreements between the parties that did not contain a similar waiver clause. (Dkt. 46.)

## APPLICABLE STANDARDS

Generally, "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006); *Stevens v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-1845-ORL, 2015 WL 1932285, at *2 (M.D. Fla. Apr. 28, 2015); *see also Brookhart v. Janis*, 384 U.S. 1, 4 (1966) (explaining that a party may waive a constitutional right if it is "clearly established that there was an intentional relinquishment or abandonment of a known right") (internal citation omitted). The right to a jury trial may be waived by contract, provided the waiver is knowing and intentional. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) (cited favorably in *Bakrac*, 164 F. App'x at 823).

Courts in this circuit consider many factors in determining whether a contractual waiver is effective, including: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into

the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). No single factor controls the analysis. *Baker v. Wyndham Worldwide*, No. 6:11-cv-1469-ORL-36, 2012 WL 3860049, at *5 (M.D. Fla. Aug. 17, 2012), *report and recommendation adopted,* No. 6:11-cv-1469-ORL-36, 2012 WL 3854530 (M.D. Fla. Sept. 5, 2012). As the right to a jury trial is fundamental, the court must review the alleged waiver with "'exacting scrutiny.'" *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (quoting *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258–60 (1949)). In the Middle District of Florida, courts considering this issue have ruled that the party seeking to enforce the waiver bears the burden to establish it was made knowingly and voluntarily. *See Stevens*, 2015 WL 1932285, at *2; *Strickland v. Wyndham Vacation Resorts, Inc.*, No. 6:13-cv-1000-ORL-28GJK, 2014 WL 12873407, at *3 (M.D. Fla. June 10, 2014); *Baker*, 2012 WL 3860049, at *13–14.

## ANALYSIS

During the hearing before the undersigned, the parties stated than an evidentiary hearing is not required to resolve this Motion, and neither party requested the court receive any evidence or testimony. Additionally, it is undisputed, for the purposes of this Motion, that Plaintiff signed the employment application at issue. (Dkt. 46 at 5.) The employment application states as follows:

> Should I become employed, as a condition of my employment, I agree to waive my right to a trial by jury in any action or proceeding involving

>any claim, whether statutory or at common law related to or arising out of my employment or the termination of employment, including claims of discrimination. I understand that I am waiving my right to a jury trial voluntarily and knowingly and free from duress or coercion. I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this document.

(Dkt. 36-1 at 133.) Plaintiff does not argue that any of the factors regarding a valid waiver are disputed here. (Dkt. 46.) As such, the court's analysis, guided by the parties' arguments, rests on whether the employment application is an enforceable, binding agreement and, if it is, whether that agreement was superseded by a later contract between the parties.

### A. Enforceable Contract

Plaintiff generally contends that the employment application is not an enforceable contract because it lacks consideration. Specifically, Plaintiff argues that his agreement to waive his right to a jury trial was not reciprocated by any promise, act, or forbearance from Defendant, such that the agreement lacks mutual consideration. However, under Florida law,[1] "[a] promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do." *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. 1st DCA 2005); *see Smith*, 2016 WL 344975, at *6 ("Florida . . . considers mutuality of

---

[1] The parties agreed at the hearing that Florida law governs whether the employment application is an enforceable contract. *See Sinclair v. Wireless Advocs., LLC*, No. 20-cv-60886-RAR, 2021 WL 865458, at *6 (S.D. Fla. Mar. 1, 2021) ("Florida law governs because this action involves an employment relationship in Florida and both parties agree that Florida law controls the question of whether a valid arbitration agreement exists."); *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-cv-23450-KMM, 2016 WL 344975, at *5 (S.D. Fla. Jan. 28, 2016) ("[S]tate law governs issues concerning contract principles, such as whether an enforceable contract exists.").

- 4 -

obligation to be met if each side gives some consideration to the other."); *LaBonte Precision, Inc. v. LPI Indus. Corp.*, 507 So. 2d 1202, 1203 (Fla. 4th DCA 1987) ("[W]here there is no other consideration for a contract, mutual provisions must be binding on both parties, but where there is any other consideration for the contract, mutuality of obligation is not essential.").

Many courts have found that review of an application and consideration for employment is sufficient consideration under Florida law to support an enforceable agreement. *See, e.g.*, *Strickland*, 2014 WL 12873407, at *5 (finding consideration to support jury waiver in employment application because Defendant reviewed the application and hired the employees); *Koch v. Wyndham Worldwide Operations, Inc.*, No. 6:13-cv-627-ORL-28GJK, 2014 WL 12872801, at *6 (M.D. Fla. May 27, 2014) (finding employment application was sufficiently specific to be an enforceable agreement); *Henry v. Pizza Hut of Am., Inc.*, No. 6:07-cv-01128-ORL-DAB, 2007 WL 2827722, at *5 (M.D. Fla. Sept. 27, 2007) (finding that consideration of applicant for employment is sufficient consideration under Florida law to enforce arbitration agreement); *see also Smith*, 2016 WL 344975, at *6 (finding employment application was supported by consideration); *Palmer v. Convergys Corp.*, No. 7:10-cv-145 HL, 2012 WL 425256, at *4 (M.D. Ga. Feb. 9, 2012) (finding that review of application for employment was sufficient consideration to support enforceable contract).

In *Strickland v. Wyndham Vacation Resorts*, the court addressed the same argument Plaintiff raises on this Motion. In *Strickland*, the plaintiffs brought wage-related claims against their former employer. 2014 WL 12873407, at *1. The

defendant-employer moved to strike the plaintiffs' jury trial demand based upon provisions in the employment applications signed by each plaintiff. *Id.* The plaintiffs opposed the motion and argued that the employment applications were not enforceable contracts, or, in the alternative, the waivers were not made knowingly and voluntarily. *Id.* at 2. The court held an evidentiary hearing on the motion to address disputed factual issues related to the voluntariness of the waivers. *Id.*

The court first found that the plaintiffs knowingly and voluntarily waived their right to a jury trial. *Id.* at *4. Turning to the contractual arguments, the court found that the employment applications were agreements supported by consideration from the defendant in the form of the defendant's "subsequent review and hiring" of the plaintiffs. *Id.* at *5. The court cited to the decisions in *Palmer v. Convergys Corp.* and *Henry v. Pizza Hut of America, Inc.* to explain that employment applications can be enforceable agreements, supported by sufficient consideration where the defendant reviews the application or subsequently hires the applicant. *Id.*; *see Palmer*, 2012 WL 425256, at *3–4; *Henry*, 2007 WL 2827722, at *5.

The facts before the undersigned are seemingly indistinguishable from those in *Strickland*. The waiver clause contained in the employment applications in *Strickland* is identical to the waiver clause in the employment application signed by Plaintiff. *Compare Strickland*, 2014 WL 12873407, at *4 *with* Dkt. 36-1 at 112. Plaintiff signed the employment application, submitted the application to Defendant for review, and Defendant subsequently hired him. Defendant's review of the application and subsequent hiring of Plaintiff are each sufficient consideration to support an

enforceable agreement.  *See Strickland*, 2014 WL 12873407, at *5; *Koch*, 2014 WL 12872801, at *5–6; *Palmer*, 2012 WL 425256, at *3–4; *Henry*, 2007 WL 2827722, at *5.

To the extent that Plaintiff claims there is no evidence of any consideration from Defendant, Plaintiff stated to the court during the motion hearing that an evidentiary hearing was not warranted to resolve the Motion.[2]  Plaintiff concedes that he signed the employment agreement and does not dispute that Defendant subsequently hired him.  Further, Plaintiff does not argue that he signed the application under duress or coercion, did not understand the terms of the waiver clause, did not notice the waiver clause, or dispute any other applicable voluntariness factor.  (Dkt. 46.)  Similarly, although Plaintiff distinguishes other decisions granting motions to strike and argues that the plaintiffs in those cases did not raise the same contractual argument, Plaintiff does not address or distinguish the *Strickland* decision.

### B. Superseded by Later Agreement

Plaintiff additionally argues that if the court finds the employment application is an enforceable agreement, the court should nonetheless deny the Motion because "Defendant renounced the existence of any contractual relationship with [Plaintiff] multiple times."  (Dkt. 46 at 6.)  Plaintiff relies upon various forms and acknowledgments from Defendant that explicitly stated Plaintiff and Defendant were not parties to an employment contract.  (*Id.*; Dkt. 46-2.)

---

[2] The court notes that Plaintiff stated in his opposition to the Motion that he "welcomes an evidentiary hearing on this matter to ascertain the facts surrounding the formation of an enforceable contract between the Parties." (Dkt. 46 at 6.) However, during the hearing before the court, Plaintiff stated no such hearing was necessary.

Each of these forms and acknowledgments state that the employment relationship between Plaintiff and Defendant was at-will, based upon the mutual consent of the parties. (Dkt. 46-2.) Notably absent from these forms and acknowledgements, however, is a complete disavowal of any or all agreements between Plaintiff and Defendant, including the contract formed by the employment application and subsequent review and hiring of Plaintiff. Additionally, the forms and acknowledgments do not include a merger and integration clause such that any prior agreements between the parties would be subsumed by these forms and acknowledgments. *See Vero Water, Inc. v. Shymanski*, No. 17-23320-civ, 2018 WL 5098980, at *4 (S.D. Fla. Aug. 30, 2018), *report and recommendation adopted,* No. 17-23320-civ, 2018 WL 5098878 (S.D. Fla. Sept. 20, 2018). *Contra Strickland*, 2014 WL 12873407, at *6 (finding that merger and integration clause in subsequent salesperson agreements superseded jury waivers in employment applications for some plaintiffs).

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Strike Jury Trial Demand (Dkt. 45) be **GRANTED**.

**IT IS SO REPORTED** in Tampa, Florida, on April 5, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record