**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RAYMOND D. GRAVES,

    Plaintiff,

v.                                                           Case No: 8:20-cv-270-CEH-JSS

AVIS BUDGET GROUP, INC.,

    Defendant.
_____

**<u>ORDER</u>**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Julie S. Sneed on April 5, 2022. In the Report and Recommendation (the "R&R"), Magistrate Judge Sneed recommends that Defendant's Motion to Strike Jury Demand (Doc. 45) be granted. All parties were furnished copies of the R&R and were afforded the opportunity to file objections. Plaintiff Raymond Graves timely objected to the R&R (Doc. 60). Defendant Avis Budget Group, Inc., has responded in opposition to the Plaintiff's objection (Doc. 62).

Upon consideration of the R&R, Plaintiff's objection, Defendant's response, and this Court's independent examination of the file, the Court will overrule Plaintiff's objection and adopt the R&R.

    **I.**     **BACKGROUND**

In this employment discrimination action, Plaintiff alleges that Defendant retaliated against him for reporting disability-based harassment by his supervisor,

ultimately leading to his suspension without pay and termination. Doc. 1 ¶¶ 46-48. He brings this action under the Florida Civil Rights Act's anti-retaliation provision. *Id.* ¶¶ 45-54.[1]

Plaintiff was employed by Defendant from November 2012 to December 2016. *Id.* ¶ 13. Before he was hired, he filled out and signed an employment application. Doc. 36-1 at 109-112. The final page of the application contains the following language:

> APPLICANT PLEASE READ AND SIGN
> …
> Should I become employed, as a condition of my employment, I agree to waive my right to a trial by jury in any action or proceeding involving any claim, whether statutory or at common law related to or arising out of my employment or the termination of employment, including claims of discrimination. I understand that I am waiving my right to a jury trial voluntarily and knowingly and free from duress or coercion. I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this document.

*Id.* at 112. Plaintiff signed and dated the form immediately below this language. *Id.* He does not assert that his signature was unknowing or involuntary. Doc. 58 at 7; Doc. 46 at 1-2; Doc. 36-1 at 134-138.

During the course of his employment, Plaintiff signed several documents acknowledging that he had received employee handbooks, manuals, and codes of conduct (the "subsequent documents"). These documents contained the following language:

---

[1] An additional count of retaliation under the Americans with Disabilities Act was dismissed with prejudice as time-barred (Doc. 19).

> I understand that this handbook supersedes any and all previous handbooks and the policies or practices therein, with the exception of Avis Budget Group's Code of Conduct and Budget Principles. I also acknowledge that neither this manual, Code of Conduct and Business Principles nor any other Company guidelines, policies or practices create an employment contract.

Doc. 46-2 at 3, and:

> I understand that this manual supersedes any and all previous Company manuals. I also acknowledge that neither this Manual nor any other company guidelines, employee handbooks, manuals, principles, policies or practices create an employment contract.

*Id.* at 4.

Defendant now moves to strike the jury demand in the Complaint, arguing that Plaintiff's signed employment application constituted a valid waiver of his right to a jury trial (Doc. 45). In response, Plaintiff argues that the jury waiver clause was not an enforceable contract because it was not supported by consideration. Doc. 46 at 5-6. Even if it were, Plaintiff asserts that in the subsequent documents Defendant repeatedly "renounced the existence of any contractual relationship with [Plaintiff]." *Id.* at 6. Defendant replies that the consideration for the jury waiver was his employment, as the application specified; Defendant further notes that none of the subsequent documents disavowed or superseded the jury waiver. Doc. 53 at 2-3.

The magistrate judge held a hearing on this matter on February 16, 2022 (Doc. 55). The parties declined the opportunity for an evidentiary hearing. Doc. 58 at 3, 7. The magistrate judge subsequently issued the R&R, which recommends granting the motion to strike jury demand (Doc. 58). The magistrate judge concluded that the jury

3

waiver constituted an enforceable contract that was supported by consideration in the form of Defendant's review of the application, its consideration of Plaintiff for employment, and its hiring of Plaintiff. *Id.* at 6-7, citing *Strickland v. Wyndham Vacation Resorts*, 6:13-cv-1000-CEM-GJK, 2014 WL 12873407, *3 (M.D. Fla. June 10, 2014). The magistrate judge further concluded that the subsequent documents did not annul the jury waiver, because they did not contain a disavowal of any or all agreements between Plaintiff and Defendant or a merger and integration clause. Doc. 58 at 8.

Plaintiff filed a timely objection to the R&R (Doc. 60). While Plaintiff agrees that the magistrate judge applied the correct legal standard and analysis, he argues that she erred in improperly shifting the burden to Plaintiff to prove that he should receive a jury trial, rather than the burden remaining with Defendant to show that he should not. *Id.* at 2, 4 n.3. Defendant provided no evidence that Plaintiff's employment depended on his waiver of the right to a jury trial, but the magistrate judge made an "unsupported leap" that because he was hired, his agreement to the jury waiver must have been required. *Id.* at 3. Plaintiff asserts that the magistrate judge further erred in construing the subsequent documents against the constitutional right to a jury trial by finding the lack of a merger clause dispositive. *Id.* at 4.

In response, Defendant argues that the magistrate considered and rejected all of the arguments in Plaintiff's objection. Doc. 62 at 2. Defendant emphasizes that the employment application expressly stated that the jury waiver was a condition of Plaintiff's employment, and the subsequent documents did not contain any disavowal

4

of the waiver. *Id.* at 4, 6-7. The magistrate judge was therefore correct in recommending that the motion to strike Plaintiff's jury demand be granted. *Id.*

## II.  LEGAL STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The parties may object to the report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(3). Objections must specifically identify those findings objected to and "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). As to non-dispositive motions, the district court may modify or set aside any portion of the magistrate's order only if it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Where a party objects to the magistrate's report and recommendation on a dispositive motion, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).

The Seventh Amendment to the United States Constitution preserves the right to a trial by jury "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. Rule 38, Federal Rules of Civil Procedure, "preserve[s] to the parties inviolate" the right of trial by jury under the Seventh Amendment. Fed. R. Civ. P. 38. Jury trial waivers must be analyzed with "'exacting scrutiny,' indulging all reasonable presumptions against a finding of waiver." *Strickland v. Wyndham Vacation Resorts, Inc.*, 6:13-cv-1000-CEM-GJK, 2014 WL

12873407, at *3 (M.D. Fla. June 10, 2014) (quoting *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009)). "[B]ecause the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver.'" *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam) (citing *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993)). "[A] court's discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992) (internal quotations omitted). Nonetheless, "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowingly and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4–5 (1966)).

### III. DISCUSSION

A motion to strike a jury trial demand is not a "dispositive" motion. *See, e.g.*, 28 U.S.C. § 636(b)(1)(B) (listing types of dispositive motions for the purpose of magistrate judges' jurisdiction); *Wiand v. Wells Fargo Bank, N.A.*, 8:12-cv-00557-JDW-EAJ, 2014 WL 12619888, *2 (M.D. Fla. Aug. 5, 2014) (Whittemore, J.) (a motion to strike jury demand is not a dispositive motion). The Court will therefore review the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72(a). Even under *de novo* review, however, the Court concludes that the magistrate judge's determination would stand. *See* Doc. 62 at 2-3 (citing to Fed. R. Civ. P. 72(b) and

stating that the standard of review for this matter is *de novo*);[2] *Kaplan v. Regions Bank*, 8:17-cv-2701-CEH-CPT, 2019 WL 4668175, *4 (M.D. Fla. Sept. 25, 2019) (applying *de novo* standard of review to objections to report and recommendation on motion to strike jury demand).  Under either standard of review, the Court finds that Defendant's Motion to Strike Jury Demand is due to be granted for the reasons that follow.

Although the Eleventh Circuit has not determined which party bears the burden of proving whether a party has knowingly and voluntarily waived their right to a jury trial, *see Bakrac, Inc. v. Villager Franchise Systems, Inc.*, 164 F.App'x 820, 823 n.1 (11th Cir. 2006), the magistrate judge recognized that courts in this District have ruled that the burden lies with the party seeking to enforce the waiver. *See* Doc. 58 at 3 (collecting cases).

Here, Defendant satisfied its burden of proof to show that Plaintiff waived his right to a jury trial through the explicit jury waiver in his signed employment application, which constituted a valid contract.  A contract requires consideration, which is defined in Florida[3] as "[a] promise, no matter how slight, …to do something that he or she is not already obligated to do." *See Cintas Corp. No. 2 v. Schwalier*, 901

---

[2] The Court rejects Defendant's argument that Plaintiff's timely and specific objection is deficient solely because Plaintiff has not arranged for the transcription of the hearing pursuant to Fed. R. Civ. P. 72(b)(2). *See* Doc. 62 at 3.  Even if that provision were applicable to this non-dispositive motion, Defendant has not identified any authority holding that an objection may be overruled solely for this reason, nor any prejudice that Defendant has suffered as a result.  In any event, the Court finds that transcription is unnecessary to resolve this objection. *See* Rule 72(b)(2) (transcription required "[u]nless district judge orders otherwise").

[3] The parties agree that the enforceability of the jury waiver is governed by Florida contract law. *See* Doc. 58 at 4 n.1.

So.2d 307, 309 (Fla. 1st DCA 2005). Courts throughout the Eleventh Circuit have held that explicit agreements within an employment application constitute enforceable contracts that are supported by consideration. *See Smith v. Beverly Hills Club Apartments, LLC*, 1:15-cv-23450-KMM, 2016 WL 344975, *6 (S.D. Fla. Jan. 28, 2016) (the promise to be considered for at-will employment gives an employment application sufficient consideration to constitute a binding contract); *Strickland v. Wyndham Vacation Resorts, Inc.*, 6:13-cv-1000-CEM-GJK, 2014 WL 12873407, *5 (M.D. Fla. June 10, 2014) (jury trial waiver in employment application was supported by consideration); *Koch v. Wyndham Worldwide Operations, Inc.*, 6:13-cv-627-JA-GJK, 2014 WL 12872801, *5 (M.D. Fla. May 27, 2014) (jury trial waiver in employment application was enforceable as a binding contract); *see also Palmer v. Convergys Corp.*, 7:10-cv-145, 2012 WL 425256, *4 (M.D. Ga. Feb. 9, 2012) (submission of employment application and employer's subsequent review of application constituted consideration under modern contracts law); *McKinnon v. Palm Chevrolet of Gainesville, LLC*, 1:09cv174-SPM-AK, 2009 WL 10674171, *2 (N.D. Fla. Nov. 6, 2009) ("Because Defendant was not otherwise bound to consider Plaintiff's application had Plaintiff chosen not to sign the Arbitration Agreement, this act alone constitutes consideration.").

The evidence in the record amply supports the magistrate judge's reliance on the above cases in concluding that the jury waiver was supported by consideration. Contrary to Plaintiff's claim that there is "not a single shred of record evidence that Graves's potential or actual employment depended in any way on his waiver of his right to a jury trial in the employment application," Doc. 60 at 2, the employment

8

application expressly states that Plaintiff was agreeing to waive his right to a jury trial "*as a condition of his employment*." Doc. 36-1 at 112 (emphasis added). It does not, then, require an "unsupported leap" to conclude that his employment depended on the jury waiver, and Defendant did not need to provide any additional evidence to meet its burden of proof of demonstrating that the jury waiver was a condition of employment. *Cf.* Doc. 60 at 2-3. The magistrate judge correctly ruled that the jury waiver in the employment agreement was enforceable as a valid contract. Doc. 58 at 6-7.

Given the existence of a valid jury waiver, the magistrate judge did not improperly shift the burden of proof when reviewing the subsequent employment documents Plaintiff relies on. *Cf.* Doc. 60 at 4. Rather, the magistrate judge correctly concluded that the jury waiver remained valid in the absence of any indication that the subsequent documents annulled it. Doc. 58 at 7.

Even a valid jury waiver will not be enforceable if a subsequent agreement expressly or implicitly nullifies it. For example, in *Strickland*, 2014 WL 12873407 at *6, the court held that a provision of a later document that read "this Agreement terminates and supersedes all prior contracts and/or agreements between the parties… [and] … constitutes the entire agreement [between them]" superseded the jury trial waiver in an employment application. *See also Yule v. Ocean Reef Comty. Ass'n*, 19-10138-CIV-MORENO, 2020 WL 3051505, *12 (S.D. Fla. June 8, 2020) (subsequent document stating that it was "the entire agreement between [the parties] regarding…the reasons for termination of employment" and that it "supersedes any and all prior agreements regarding these issues" supplanted jury trial waiver provision

9

in employment application for purpose of a claim involving employee's termination). Here, however, the subsequent agreements between Plaintiff and Defendant contain no language that permits the Court to conclude they invalidate the jury waiver in the employment agreement.

Plaintiff's arguments that the subsequent documents renounced the jury waiver misstate the evidence. The subsequent documents do not "deem themselves as superseding any and all other documents," Doc. 60 at 4—instead, they state that the manual Plaintiff received "supersede[] any and all previous *Company manuals*." Doc. 46-2 at 4-6 (emphasis added). The employment application is not a company manual or handbook. Further, they state that "neither this manual nor any other company guidelines, employee handbooks, manuals, principles, polices or practices create an employment contract." *Id.* The employment application is not covered by that list, which, contrary to Plaintiff's statement, does not include the term "any and all other documents." *Cf.* Doc. 60 at 4. Moreover, the lack of an "employment contract" between Plaintiff and Defendant plainly refers to Plaintiff's status as an "at-will" employee. *See* Doc. 46-2 at 3-6. The statement that there is no "employment contract" between them does not invalidate the existence of any *other* type of enforceable agreement. Even "indulg[ing] every reasonable presumption against waiver," *see LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993) (citations omitted), nothing in the subsequent documents nullifies or renounces the jury waiver.

Plaintiff has not demonstrated that the magistrate judge's report and recommendation was clearly erroneous or contrary to law. Moreover, even upon a *de*

10

*novo* review, the Court finds that the Motion to Strike Jury Demand is due to be granted because Defendant has proven that Plaintiff waived his right to a jury trial.

Accordingly, it is **ORDERED**:

1) Plaintiff's Objection to Report and Recommendation (Doc. 60) is OVERRULED.

2) The Report and Recommendation of the Magistrate Judge (Doc. 58) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3) Defendant's Motion to Strike Jury Demand (Doc. 45) is GRANTED. Plaintiff's Demand for Jury Trial (Doc. 1 at 7) is stricken. This case will be scheduled for a non-jury trial.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

11